UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company,<br><br>                Plaintiffs,<br>  v.<br><br>TRIBE MOBILE, INC., a British Virgin Islands corporation, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation,<br><br>                Defendants. | Case No. 1:12-cv-00416-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTROCUTION

The parties have met and conferred in an attempt to reach a stipulated protective order in this case. They have also discussed the matter with the Law Clerk assigned to this case in an attempt to informally mediate their differences on the matter. They have reached agreement on all provisions except one – whether the protective order should include the following provision: "Nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any governmental or regulatory authority." The parties now ask for guidance, and have indicated a willingness to abide by the Court's decision and to incorporate that decision into the stipulated protective order.

## ANALYSIS

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Rule 26(c) of the Federal Rules of Civil Procedure authorizes a district court to override the general presumption that litigation documents are public. To do so, the court must find good cause. *Id*. "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Id.* at 1211. The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Id.* at 1210-11. If the district court finds particularized harm would result from disclosing information to the public, then the court must balance the public and private interests to decide whether a protective order is necessary. *Id.* at 1211. Because the parties have agreed to all other provisions of the proposed protective order, the Court will address only whether the disputed provision should be included in the protective order.

Although the Court has outlined the general law for allowing protective orders, the issue presented here does not neatly fit into the typical analysis for making a determination about whether material should be protected. The parties are not disputing whether specific types of information should be protected; instead, they are fighting over

whether anything deemed confidential, and therefore covered by the protective order, may nevertheless be provided to a governmental or regulatory authority.

Tribe Mobile asserts that the language which Case wants in the protective order – i.e., "nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any governmental or regulatory authority" – is nothing more than posturing. Tribe Mobile argues that it is unnecessary, and if it is later determined that confidential information is not entitled to protection, then that information can be placed in the public record.

However, the Court views the proposed language as being far broader, and would permit Case to provide information, otherwise agreed to be confidential, to government authorities.  On the one hand, such a provision is entirely appropriate where Case or Tribe Mobile has some duty to disclose the confidential information to a state or federal agency. Tribe Mobile has conceded as much, acknowledging in its brief that, "if privileged or otherwise protected information is nevertheless subject to a superseding legal duty of disclosure to a governmental or regulatory authority, the party charged with that duty must comply with the law and make such disclosure." Def.'s Brief, p. 4, Dkt. 29.

On the other hand, if no such duty exists, it is difficult to see why an exception should be made to permit disclosure of Tribe Mobile's confidential information to the government. Such a disclosure could well result in confidential documents being disclosed to the public – pursuant to a FOIA request or because of the public nature of the

MEMORANDUM DECISION AND ORDER - 3

government agency's activities.[1]  Such a public disclosure would appear to be completely inimical to the goals of the protective order.

Case argues that "[Tribe] Mobile should not be allowed to use a Protective Order in this litigation as a means of interfering with Case's antiretaliation or whistleblower claim."  Plf's Brief, p. 4, Dkt. 28. However, he fails to articulate how his inability to disclose Tribe's confidential documents to a government agency would interfere with his claims in this litigation. Simply saying something, doesn't make it so.

The Court concludes that the protective order should contain a provision which permits disclosure to government agencies, but only where there is a legal duty to do so. The disputed language could be modified to read as follows:

> Nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any governmental or regulatory authority where legally required to do so.

Assuming the parties agree to this modification, the Court will approve and sign the parties' stipulated protective order.

---

[1] Case argues that the SEC has a general obligation to keep its investigative activities confidential, and that this provides adequate protection for Tribe Mobile's confidential information.  However, this argument assumes a perfect fit between the documents revealed to the SEC and the type of documents which the SEC is obligated to hold confidential. Obviously, neither Case nor the SEC can ensure that such an assumption is valid. Moreover, the proposed language does not limit the disclosure of information to the SEC, but could, ostensibly, include disclosure to other government agencies which do not operate under the same rules of confidentiality.

## ORDER

**IT IS ORDERED THAT:**

1. The Court will approve a stipulated protective order including the following language:

   > Nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any governmental or regulatory authority where legally required to do so.

2. If a stipulated protective order containing this language is not submitted to the Court for signature, the parties shall proceed with discovery without a protective order. The Court will then entertain any discovery motions which result from a lack of a protective order.

DATED: January 8, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court